IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| APPLIANCE LIQUIDATION OUTLET, LLC,<br>*Plaintiff*<br><br>-vs-<br><br>AXIS SUPPLY CORPORATION,<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-21-CV-00768-XR |

**ORDER**

On this day, the Court considered the above-captioned case. Before the Court is Defendant Axis Supply Corporation's motion to amend judgment, or alternatively motion for a new trial, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) (ECF No. 56), Plaintiff Appliance Liquidation Outlet's ("ALO") response (ECF No. 64), and Defendant's reply (ECF No. 66).

**BACKGROUND**

As the parties are familiar with the facts of this case, this Court recites only the facts necessary for disposition of the above motion.

On April 24, 2023, this Court held a bench trial and heard argument on the issues raised in this case. Following the trial, the Court released its findings of fact and conclusions of law, ECF No. 49, which included the following findings:

1. Plaintiff, Appliance Liquidation Outlet, has owned and operated an appliance liquidation store in San Antonio, Texas for over two decades. Its store is located at 500 E. Carolina Street in downtown San Antonio and uses the name "Appliance Liquidation Outlet."

2. Defendant Axis opened a store at 2602 Fredericksburg Road, San Antonio, Texas 78201 which bore the name "Appliance Liquidation."[1]

3. Plaintiff does not own a registered trademark in the name "Appliance Liquidation Outlet."

4. Plaintiff presented the following information at trial in support of its argument that it held a common law trademark in "Appliance Liquidation Outlet:" (a) testimonial evidence that Plaintiff was the only discount appliance store in the area that utilized the name "Appliance Liquidation" or "Appliance Liquidation Outlet" until Defendant opened its business; (b) testimonial evidence from an industry professional, Lauren Kuhn, that other appliance retailers in the area would not be called "appliance liquidation outlets," but would instead go by their trade names; (c) testimonial evidence that Plaintiff is a known entity in San Antonio because of its active role in the community, which includes hosting car shows, offering its retail space for local artists to paint murals, and donating to local sports teams and community shelters; (d) testimonial evidence that Plaintiff has been mentioned by name in several news reports and articles; (e) testimonial and documentary evidence that Bexar County consumers associate the phrase "Appliance Liquidation Outlet" and "Appliance Liquidation" with Plaintiff's store.

5. The individual words "appliance," "liquidation," and "outlet" may be generic, but Plaintiff offered significant evidence at trial that the Bexar County consumer associates the phrases "Appliance Liquidation" and "Appliance Liquidation Outlet" with its store.

6. Plaintiff provided evidence at trial that Bexar County consumers were actually confused by the similarities between "Appliance Liquidation" and "Appliance Liquidation

---

[1] Defendant has since "closed its Fredericksburg Road store location and relocated its store, and changed its signage to 'Appliance Surplus' at the new store location." ECF No. 56 at 3.

Outlet." This evidence indicated that multiple Bexar County consumers believed Defendant's business was related to Plaintiff's. *See generally* ECF No. 49.

Ultimately, the Court determined that "Appliance Liquidation Outlet" was a descriptive mark that had acquired secondary meaning. *Id*. As such, the Court concluded that Plaintiff held a federal and common law trademark in the phrase "Appliance Liquidation Outlet" and was entitled to a permanent injunction to protect this right. *Id*. Accordingly, the Court permanently enjoined Defendant from (1) using Plaintiff's "Appliance Liquidation," "Appliance Liquidation Outlet" marks; (2) creating any confusion with Plaintiff's "Appliance Liquidation," "Appliance Liquidation Outlet" marks; (3) advertising using Plaintiff's "Appliance Liquidation," "Appliance Liquidation Outlet" marks; and (4) causing confusion or the likelihood of confusion, mistake or deception between Plaintiff and Defendant. ECF No. 50.

Defendant now asks the Court to amend its final judgment or grant Defendant a new trial. ECF No. 56. Defendant argues that the Court erred when it found Plaintiff had a protective mark in the phrase "Appliance Liquidation Outlet," that the Court's injunction is overly broad, and that Plaintiff is not entitled to attorneys' fees. *See generally id*.

**DISCUSSION**

I. **Legal Standard**

Federal Rule of Civil Procedure 59(e) provides that "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Under Rule 59(e), relief is appropriate: (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Id*.; *Schiller v. Physicians Res. Grp*., 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, Rule 59(e) serves a narrow purpose and is an "extraordinary remedy" that should be "used sparingly." *Templet v. Hydrochem, Inc*., 367 F.3d 473, 479 (5th Cir. 2004). Such a motion calls into question the correctness of the district court's judgment, which "will not be disturbed in the absence of a showing that it has worked an injustice." *Id*. at 478.

Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party" from a final judgment or order based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b).

II. **Trademark Infringement**

Defendant disputes the Court's determination that ALO's mark is protected as a matter of law. ECF No. 56 at 11–14 (stating legal framework for trademark classification and concluding "[t]hus, even assuming the term 'Appliance Liquidation Outlet' is descriptive, rather than generic,

ALO's infringement claim nonetheless fails because ALO did not meet its 'substantial burden to establish secondary meaning"). Defendant argues that the evidence presented did not indicate that "Appliance Liquidation Outlet" or "Appliance Liquidation" has "in essence, become synonymous in the minds of the public with ALO's business." *Id*. at 15.[2]

Defendant attempts to rehash evidence and arguments present, and rejected, at trial. This is an inappropriate basis for a Rule 59(e) and 60(b) motion. *See Simon*, 891 F.2d at 1159.

### III.  Injunctive Relief

When the Court issued its Final Judgment on May 1, 2023, the Court permanently enjoined "Defendant, its officers, agents, guests, tenants, servants, employees, and attorneys; and all other persons who are in active concert or participation with any of them" from:

(1) Using Plaintiff's "Appliance Liquidation," "Appliance Liquidation Outlet" marks;
(2) Creating any confusion with Plaintiff's "Appliance Liquidation," "Appliance Liquidation Outlet" marks;
(3) Advertising using Plaintiff's "Appliance Liquidation," "Appliance Liquidation Outlet" marks; and
(4) Causing confusion or the likelihood of confusion, mistake or deception between Plaintiff and Defendant.

ECF No. 50.

Defendant argues that injunction is "based on erroneous fact and is overbroad" because the Court found that Plaintiff had a protected mark in the phrase "Appliance Liquidation Outlet," but the injunction prevents Defendant from using "Appliance Liquidation Outlet" and "Appliance Liquidation." ECF No. 56 at 7–9 (arguing the injunction "does not clearly put the parties on notice

---

[2] In its "undisputed facts" section of the motion, Defendant implies that evidence at trial did not support the Court's finding that Defendant infringed upon Plaintiff's mark. ECF No. 56 at 4 ("The evidence at trial failed to cite a single instance when Axis Supply used the unregistered mark 'Appliance Liquidation Outlet' in connection with its business operations or the composite mark."); *id*., n.1 (objecting that the call log admitted into evidence to show customer confusion "did not establish confusion with respect to marks, but confusion with respect to the contact information for sellers who post on the OfferUp website"); *id*. (disputing whether Bradley Flume's testimonial evidence indicated customer confusion); *id*. at 4–5 (disputing whether postings on OfferUp and Facebook Marketplace were posted by Defendant). To the extent that Defendant intended to raise these points as arguments, Rule 59(e) and 60(b) motions are not means to relitigate evidentiary disputes that were resolved during trial.

of precisely what Axis Supply is called upon to do, or refrain from doing" and is instead "subject to differing interpretations and is conflicting in some instances"). Defendant also argues the injunction impermissibly enjoins Defendant's "guests" and "tenants" from the specified conduct. *Id*. at 9–10.

    Federal Rule of Civil Procedure 65 governs the issuance of injunctions and provides that:

> (d) Contents and Scope of Every Injunction and Restraining Order.
>   (1) *Contents.* Every order granting an injunction and every restraining order must:
>     (A) state the reasons why it issued;
>     (B) state its terms specifically; and
>     (C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.
>   (2) *Persons Bound.* The order binds only the following who receive actual notice of it by personal service or otherwise:
>     (A) the parties;
>     (B) the parties' officers, agents, servants, employees, and attorneys; and
>     (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

FED. R. CIV. P. 65(d).

    First, the Court finds that the injunction is not impermissibly broad because it enjoins Defendant from using the phrases "Appliance Liquidation Outlet" and "Appliance Liquidation." Defendant's argument ignores the trial record and the Court's factual determinations. After reviewing the evidence at trial, the Court determined that Plaintiff had a protected trademark in the phrase "Appliance Liquidation Outlet," but that the phrase "Appliance Liquidation" was sufficiently similar so as to cause actual customer confusion and belief that Defendant's store was associated with Plaintiff's. ECF No. 49 at 6–7. In order to prevent "confusion, or to cause mistake . . . as to the affiliation, connection, or association" between the parties, *see* 15 U.S.C. § 1125(A)(1)(a), the injunction properly enjoins Defendant from using both phrases.

    Second, the injunction prevents Defendant from "causing confusion or the likelihood of confusion, mistake or deception between Plaintiff and Defendant." ECF No. 50. Defendant objects

that this language is vague; this objection is unpersuasive because the language tracks that of the Lanham Act and merely enjoins Defendant from further infringement.[3]

Finally, injunctions may permissibly bind the parties, "the parties' officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation" with these groups, so long as the individuals have "actual notice" of the injunction. FED. R. CIV. P. 65(d). Because Rule 65 permits enjoining those in "active concert or participation," the Court finds that the language enjoining Defendant's "guests" and "tenants" is redundant. Accordingly, the Court will issue an amended Final Judgment striking these specified classes with the understanding that "guests" and "tenants" may nonetheless be bound by the injunction if they are in "active concert or participation" with the remaining groups of individuals and are served with actual notice of the injunction.

## IV.   Attorneys' Fees

Under the Lanham Act, a court may award attorneys' fees to a prevailing party in exceptional cases. 15 U.S.C. § 1117(a); *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 3 671 F.3d 526, 537 (5th Cir. 2012). "The determination as to whether a case is exceptional is left to the sound discretion of the trial court," but the plaintiff must demonstrate the "exceptional nature of the case by clear and convincing evidence." *Robin Singh Educ. Servs. Inc. v. Excel Test Prep*, 291 F. App'x 620, 621 (5th Cir. 2008) (internal citations omitted). Conduct constitutes "exceptional" behavior when a defendant "maliciously, fraudulently, deliberately, or willfully infringes the plaintiff's mark." *Spectrum Ass'n Mgmt. of Tex., L.L.C. v. Lifetime HOA Mgmt.*

---

[3] *See* 15 U.S.C. § 1125 (a)(1)(A) ("Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the deaffiliation, connection, or association of such person with another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.").

*L.L.C.*, 5 F.4th 560, 567 (5th Cir. 2021) (citing *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 527 (5th Cir. 2002)).

Defendant appears to argue that attorneys' fees are unwarranted because it advanced legitimate defenses, no other court has found "Plaintiff's mark acquired secondary meaning," and Plaintiff presented no evidence of damages. ECF No. 56 at 10–11. Plaintiff argues that attorneys' fees are justified because it presented "extensive" evidence of customer confusion, that this confusion resulted in unwarranted negative reviews of Plaintiff's business, and because Plaintiff attempted to resolve any issues prior to litigation. ECF No. 64 at 8–9.

The Court finds that attorneys' fees are warranted because Defendant acted deliberately when it continued to use Plaintiff's mark after being notified of the potential issue. Mr. Fraire, Plaintiff's owner, testified that he "went [to Defendant's store] physically and politely asked them to please change their name, after I congratulated them on opening their business." ECF No. 63 at 63. Later, Plaintiff's counsel sent Defendant a letter stating that the name "belonged to" Plaintiff. *Id*. at 64. Only after Defendant disregarded both Mr. Fraire and his attorney's attempt to rectify the problem, did Plaintiff initiate this litigation. *Id*.

However, despite being unwilling to change its name prior to litigation nor throughout the year and a half leading up to trial, Defendant notified the Court one week before trial that it changed the name of its store. "An award of attorneys' fees may be warranted either where the prevailing party stood out in terms of the strength of its litigating position *or where the non-prevailing party litigated the case in an unreasonable manner.*" *Spectrum,* 5 F.4th at 567 (emphasis added). The Court finds this behavior unreasonable and supports the Court's determination that attorneys' fees are justified.

## CONCLUSION

Defendant's motion to amend the Court's judgment or, alternatively, motion for a new trial (ECF No. 56) is **GRANTED IN PART** and **DENIED IN PART**.

The motion is **GRANTED** insofar as the Court will remove Defendant's "guests" and "tenants" from the permanent injunction. An amended Final Judgment will be issued separately.

The motion is **DENIED** on all other bases.

It is so **ORDERED**.

**SIGNED** this 17th day of August, 2023.

_____
Xavier Rodriguez
United States District Judge