**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| APPLIANCE LIQUIDATION OUTLET, LLC, | § § | |
| *Plaintiff* | § § | SA-21-CV-00768-XR |
| -vs- | § § | |
| | § | |
| AXIS SUPPLY CORPORATION, | § | |
| *Defendant* | § | |

## ORDER ON REPORT AND RECOMMENDATION

On this date, the Court considered United States Magistrate Judge Richard B. Farrer's report and recommendation ("recommendation") in the above-styled case (ECF No. 80). The Plaintiff Appliance Liquidation Outlet, LLC, filed a motion for attorney's fees (ECF No. 52) and a motion for additional attorney's fees (ECF No. 73), which were subsequently referred to the Magistrate Judge on May 16, 2023, and September 13, 2023, respectively. The Magistrate Judge thereafter filed his report and recommendation on November 7, 2023, in which the Magistrate Judge recommends that each motion be granted in part and denied in part. After careful consideration, the Court **ADOPTS** the Magistrate Judge's recommendation.

## BACKGROUND

Plaintiff Appliance Liquidation Outlet, LLC ("ALO") initiated this action on August 6, 2021, in state court before the 150th Judicial District Court of Bexar County, Texas, alleging trademark infringement under the Lanham Act as well as trademark infringement and unfair competition under Texas common law. ECF No. 1. Thereafter, Defendant Axis Supply Corporation ("Axis") removed this case to federal court. *See id.*

1

After removal, this case proceeded to a bench trial, after which the Court returned findings of fact and conclusions of law ruling in favor of ALO on its allegations of trademark and unfair competition and enjoining Axis from any continued infringement of ALO's mark. ECF No. 49. Subsequently, Axis filed a motion to alter or amend judgment, or alternatively motion for a new trial. ECF No. 56. In ruling on that motion, the Court held that this case was "exceptional" within the meaning of the Lanham Act and that "attorneys' fees are justified." ECF No. 68 at 7–8.

In addition, ALO filed a motion for attorney's fees (ECF No. 52) and a motion for additional attorney's fees (ECF No. 73), both of which this Court subsequently referred to the Magistrate Judge pursuant to Rule 72 of the Federal Rules of Civil Procedure. *See* May 16, 2023 Text Order; September 13, 2023 Text Order. On November 6, 2023, the Magistrate Judge issued a report and recommendation (ECF No. 80) recommending the Court grant in part and deny in part the two motions for attorney's fees. Fourteen days later, Axis filed its objections (ECF No. 81) to the Magistrate Judge's report and recommendation, asserting several objections. Thereafter, ALO filed its response (ECF No. 82) contending that the Court should accept the Magistrate Judge's report and recommendation as Axis "use[d] its briefs to argue other issues not germane to the relevant motion" and that Axis's one appropriate objection is "conclusory." ECF No. 82

## DISCUSSION

### I.   Legal Standard

A party may serve and file objections to a report and recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by

the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## II.    Analysis

Axis makes various objections to both purported conclusions of fact as well as conclusions of law made in the Magistrate Judge's recommendation. First, Axis "objects to the finding that ALO owned and operated an appliance liquidation store in San Antonio for more than 20 years." ECF No. 81 at 1. Second, Axis objects that it "opened a store in San Antonio with the name 'Appliance Liquidation.'" *Id.* Third, Axis "objects to the findings that ALO had difficulty knowing who to sue as there was no evidence introduce at trial to support that finding." *Id.* at 2. Fourth, Axis "objects to any finding that this is an exceptional case or that it acted unreasonably in this litigation." *Id.* Fifth, Axis objects to the conclusion that ALO is entitled to an award of attorney's fees under the Lanham Act.[1]

However, as ALO contends, these objections are misplaced. In essence, Axis uses its objections to the Magistrate Judge's recommendation as another opportunity to take issue with the Court's findings of fact and conclusions of law (ECF No. 49) and the Court's order on Axis's motion to amend judgment, or alternatively motion for a new trial (ECF No. 68). With respect to

---

[1] Under the Lanham Act, a "prevailing party" is entitled to "reasonable attorney fees" in "exceptional cases." *See* 15 U.S.C. § 1117(a); *All. for Good Gov't v. Coal. for Better Gov't*, 919 F.3d 291, 295 (5th Cir. 2019).

Axis's first three objections, the Court will not revisit its findings of fact and conclusions of law in this order as the objections raised by Axis are simply not relevant to the precise issue before the Magistrate Judge. *Cf. McHenry v. Stinnett Police Dep't*, No. 2:13-CV-0228-J, 2014 WL 4810025, at *3 (N.D. Tex. Sept. 25, 2014) (overruling objections on the grounds they were "not relevant to any of the claims which were recommended for dismissal"). With respect to Axis's other objections listed above, the Court has already held that this case is "exceptional" under the meaning of 15 U.S.C. § 1117(a) and that ALO was entitled to attorney's fees. *See* ECF No. 68 at 7–8. For the same reasons stated in its prior order, the Court again concludes that Axis litigated this case in an unreasonable manner and that this is an exceptional case. *See id.* Accordingly, Axis's objections are overruled.

In addition, Axis also objects to the Magistrate Judge recommendation that ALO's fee request should be reduced by 15% to account for time spent on unsuccessful claims and on trademark registration. ECF No. 81 at 5. Instead, Axis "contends a reduction of the fee award by 50% is more appropriate." *Id.* Yet, this objection is entirely conclusory, made without any reasoning or any supporting authority. *See id.* As such, this objection need not be considered by the Court. *See Nettles*, 677 F.2d at 410 n.8; *McCall v. United States*, No. MO:07-CR-00096-RAJ, 2013 WL 12406618, at *20–21 (W.D. Tex. Mar. 20, 2013). Therefore, the Court need not conduct a *de novo* review on this point. *See Scott v. United States Postal Serv., Lab. Rels.*, No. SA-22-CV-01000-XR, 2023 WL 2569442, at *2 (W.D. Tex. Mar. 17, 2023).

After careful consideration, the Court adopts the Magistrate Judge's recommendation. ALO, as the prevailing party, is entitled to recover attorney's fees in this exceptional case under the Lanham Act. 15 U.S.C. § 1117(a); *see* ECF No. 68 at 7–8. The Court has reviewed the Magistrate Judge's recommendation and agrees that a 15% reduction of the fees requested by ALO

is appropriate. *See* ECF No. 80 at 11–12. Thus, the Court finds the recommendation's reasoning to be neither clearly erroneous nor contrary to law.

## CONCLUSION

For the forgoing reasons, the Corut **ACCEPTS** and **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 80) as the opinion of the Court. Plaintiff ALO's motion for attorney's fees (ECF No. 52) is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff ALO's motion for additional attorney's fees (ECF No. 73) is **GRANTED IN PART** and **DENIED IN PART**. Accordingly, Plaintiff ALO is awarded $73,709.45 on which it is entitled to post-judgment interest at a rate of 4.72% as of May 1, 2023. Plaintiff ALO is also awarded $26,634, on which it is not entitled to post-judgment interest.

It is so **ORDERED**.

**SIGNED** this 24th day of January, 2024.

                              _____
                              XAVIER RODRIGUEZ
                              UNITED STATES DISTRICT JUDGE