IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| APPLIANCE LIQUIDATION OUTLET, LLC, | § § § | |
| *Plaintiff* | § § | SA-21-CV-00768-XR |
| -vs- | § § | |
| AXIS SUPPLY CORPORATION, | § § | |
| *Defendant* | § § | |

## ORDER

On this date, the Court considered Plaintiff's Opposed Motion for Writ of Execution (ECF No. 84), Defendant's Response (ECF No. 87), and Plaintiff's Reply thereto (ECF No. 88). After careful consideration, the Court issues the following order.

## BACKGROUND

Plaintiff Appliance Liquidation Outlet, LLC ("ALO") commenced this action on August 6, 2021, in the 150th Judicial District Court of Bexar County, Texas. *See* ECF No. 1. ALO owns and operates an appliance-liquidation store in San Antonio, and it has done so for more than 20 years. *See* ECF No. 49. Defendant Axis Supply Corporation ("Axis") more recently opened a store in San Antonio, with the name "Appliance Liquidation," where it sold discounted appliances. *Id.* According to ALO's complaint, Axis customers mistakenly forwarded to ALO—instead of Axis— "numerous complaints about poor service and products." ECF No. 1. ALO as a result undertook to identify and contact Axis. *Id.* When Axis refused to identify itself or change its name, ALO filed suit. *Id.*; *see also* ECF No. 68.

In its lawsuit, ALO alleged federal trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a)(1)(a), as well as Texas common law trademark-infringement and unfair-

1

competition claims. ECF No. 1. The Court noted that because there is "essentially no difference" between Texas common law trademark and unfair-competition claims, on one hand, and federal trademark-infringement actions, on the other, "resolution of the federal infringement claim is dispositive of [the state common law] claims as well." ECF No. 49 (citing *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 (5th Cir. 2010)).

The case proceeded to a bench trial, after which the Court returned Findings of Fact and Conclusions of Law favoring ALO on its trademark-infringement and unfair-competition claims. ECF No. 49. The Court enjoined Axis from continued infringement of ALO's mark. *Id.*

On August 17, 2023, this Court entered its Amended Final Judgment, reiterating the permanent injunction and awarding court costs and attorney's fees. ECF No. 69. Thereafter, on September 14, 2023, Axis appealed to the Fifth Circuit, taking issue with this Court's final judgment and "all orders, rulings, and determinations subsumed within the Amended Judgment." ECF No. 74.

On May 15, 2023, ALO filed a Motion for Attorney's Fees, seeking to recover $86,717 in fees for prevailing on its trademark infringement and unfair competition claims. ECF No. 52. On September 9, 2023, ALO filed an additional Motion for Attorney's Fees, seeking to recover fees for additional time spent by its counsel on the case. ECF No. 73. On November 7, 2023, Magistrate Judge Richard B. Farrer issued a Report and Recommendation advising that this Court grant in part and deny in part ALO's motions, ultimately proposing an award of attorney's fees in the amount of $73,709.45 on which ALO is entitled to post-judgment interest at a rate of 4.72% as of May 1, 2023 and attorney's fees in the amount of $26,634 on which ALO is not entitled to post-judgment interest. ECF No. 80. After reviewing for clear error, this Court adopted the Magistrate Judge's report and recommendation on January 24, 2024. ECF No. 83. In addition, ALO was

awarded costs in the amount of $1,784.83 against Defendant Axis as taxed by the Clerk of Court. *See* ECF Nos. 54, 79.

On March 4, 2024, ALO filed an Opposed Motion for Writ of Execution, requesting that the Clerk of Court issue a writ of execution so that ALO could collect the attorney's fees and costs awarded by the Court. ECF No. 84.

## DISCUSSION

### I. Legal Standard

Under Federal Rule of Civil Procedure 69, a money judgment is generally enforced by a writ of execution. FED. R. CIV. P. 69(A)(1). In the absence of a federal statute, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." *Id.* Under Texas law, judgment debtors are entitled to an automatic stay of judgment proceedings for thirty days following the entry of judgment. TEX. R. CIV. P. 627. Further, [w]hen an execution is issued upon a judgment for a sum of money, or directing the payment simply of a sum of money, [the writ of execution] must specify in the body thereof the sum recovered or directed to be paid and the sum actually due when it is issued and the rate of interest upon the sum due." TEX. R. CIV. P. 630.

In addition, under Federal Rule of Civil Procedure 62, "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Notably, however, a notice of appeal will not automatically stay execution on a judgment and proceedings to enforce it. Wright & Miller, 11 Federal Practice and Procedure: § 2905 (3d ed. 2004) ("In the absence of a stay obtained in accordance with Rule 62(d) [sic], the pendency of an appeal does not prevent the judgment creditor from acting to enforce the judgment."[1]); *Long v.*

---

[1] The applicable subsection of Rule 62 is currently Rule 62(b), not Rule 62(d). *See* Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2905 (3d ed.) ("Prior to 2018, Rule 62(d) permitted an appellant to obtain a stay by giving a

*Faenas Transp., LLC*, No. 1:19-CV-200, 2021 WL 2953177, at *1 (E.D. Tex. Jan. 27, 2021). To properly stay such proceedings under Rule 62, a defendant must post a supersedeas bond to "preserve the status quo while protecting the non-appealing party's rights pending appeal." *Long*, 2021 WL 2953177, at *1 (quoting *Fessler v. Porcelana Corona de Mex., S.A. de C.V*, No. 4:17-CV-00001, 2020 WL 3498872, at *2 (E.D. Tex. June 29, 2020)); *see also Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) ("[Federal Rule of Civil Procedure] 62 entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond.").

**II.     Analysis**

ALO argues that the Court may properly issue a writ of execution pursuant to Federal Rule of Civil Procedure 69 and the Texas Rules of Civil Procedure. According to ALO, as Axis failed to post a supersedeas bond, ALO has "a statutory right to have execution issued to enforce a judgment pending appeal, unless and until a valid supersedeas bond has been filed." ECF No. 84 at 2 (quoting *Texas Employers v. Engelke*, 790 S.W.2d 93, 95 (Tex. App. 1990). In response, Axis raises various arguments. First, Axis contends, relying on a contorted reading of Texas Rules of Civil Procedure 627 and 630, that the Court's amended final judgment fails to "specify[] a sum of money awarded to ALO in the body of the judgment for which the clerk of the court can issue a writ[.]" ECF No. 87 at 3. Second, Axis argues that "under Texas law, attorneys' fees incurred in the prosecution or defense of a claim are not compensatory damages or costs that must be superseded." *Id.* (citing *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 174 (Tex. 2013). Third, Axis requests, in the alternative, "if the Court's Order on Report and Recommendation is required to be superseded, Axis Supply requests that the Court set the amount of supersedeas bond to suspend execution of the award." *Id.*

---

supersedeas bond. Amendments to Rule 62 in 2018 moved that provision to a new subdivisions (b) and modified the rule to allow a stay to be obtained at any time after judgment is entered, not just when an appeal is taken.").

To begin, ALO's argument that the Court's amended judgment improperly fails to specify the sum of money awarded relies on a fundamental misreading of Texas Rule of Civil Procedure 630. Under Rule 630, it is the writ of execution that must specify the sum to be recovered, not the judgment issued by the Court. *See Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 569–70 (5th Cir. 2006) ("[A]ppellants misread the requirements for a writ of execution under Texas law. According to the plain language of the Texas Rules of Civil Procedure, the execution itself—not the underlying judgment—must contain the names of the parties and the sum to be paid.").

Next, though Axis contends that it need not post a supersedeas bond amount for attorney's fees under Texas law, ECF No. 87 at 3 (citing *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 174 (Tex. 2013)), Axis fails to explain why the attorney's fees awarded to ALO is not a money judgment for which Axis must post a supersedeas bond in federal court to stay enforcement proceedings. To start, awards of attorney's fees are money judgments and thus enforceable through a writ of execution in federal court. *See Amankwah v. Perez*, No. SA-16-CV-406-XR, 2016 WL 11546540, at *1 (W.D. Tex. Nov. 16, 2016). Under Rule 62, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." However, under Axis's suggested approach, awards of attorney's fees—despite being money judgments—would fall outside of the scope of Rule 62. *See* ECF No. 87 at 3. This would be an absurd result, and the Court finds Axis's argument unpersuasive. Accordingly, the Court holds that, should Axis wish to stay proceedings to enforce the awarded attorney's fees and costs, Axis must post a supersedeas bond.

Nonetheless, the Court finds it appropriate that prior to the issuance of a writ, it will set a supersedeas bond in the amount of $102,128.28 should Axis wish to stay proceedings to enforce the award. Fed. R. Civ. P. 62(b); *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*,

600 F.2d 1189, 1191 (5th Cir. 1979) ("The predecessor to present Fed. R. Civ. P. 62(d),[2] originally Civil Rule 73(d), had directed that the amount of the bond be computed by the district court to include 'the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.'"); *see also Mission Pharmacal Co. v. Molecular Biologicals, Inc.*, No. SA-20-CV-01454-JKP, 2023 U.S. Dist. LEXIS 122207, at *4 (W.D. Tex. July 17, 2023).

## CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** to refiling ALO's Opposed Motion for Writ of Execution (ECF No 84).

Should Axis wish to stay proceedings to enforce the attorney's fees and costs awarded, Axis is **DIRECTED** to post a supersedeas bond in the amount of **$102,128.28** no later than **June 14, 2024**.

If Axis fails to post a supersedeas bond pursuant to this Order and ALO wishes to obtain a writ of execution at that time, ALO is **DIRECTED** to re-urge a motion for writ of execution.

It is so **ORDERED**.

**SIGNED** this 22nd day of May, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] *See supra* note 1.